**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES G. BARNES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) **Case no. 4:10cv-1705 HEA/TCM** |
| | ) |
| **JAMES HURLEY,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

James G. Barnes (Petitioner), a Missouri prisoner, petitions the United States
District Court for the Eastern District of Missouri for federal habeas corpus relief from
a 2008 decision of the Missouri Board of Probation and Parole ("Board" or "Parole
Board") denying Petitioner parole.

**Background**

After a non-jury trial, Petitioner was convicted of one count of second-degree
assault and one count of armed criminal action resulting from Petitioner's shooting of the
victim.  See **State v. Barnes**, 917 S.W.2d 606 (Mo. Ct. App. 1996).  The trial court
imposed consecutive terms of imprisonment of five years for the assault conviction and
twenty-five years for the armed criminal action conviction, for a total term of
imprisonment of thirty years.  (See Resp't Response at 1 [Doc. 8 at 1].)

The Missouri Court of Appeals' opinion on direct appeal reveals the circumstances
of the offenses, in part, as follows.

[Petitioner], his girlfriend, the victim and another tenant all lived in a two-story boarding-house. The house was divided into three one-bedroom apartments with the kitchen and dining room as common areas. [Petitioner] and the victim had a history of friction between them. One evening, the victim and [Petitioner] began arguing, then wrestling with each other. [Petitioner] shot the victim in the head.

At trial, a neurosurgeon, a police officer, an evidence technician, the victim's wife, and one of the tenants testified for the state. [Petitioner] also testified and denied the charges.

The only issue on direct appeal is sufficiency of proof. We review the claim of insufficiency of evidence in accord with State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993). There was direct evidence from the testimony of a tenant who only heard the fighting and the shooting which occurred outside his door. He testified the victim, [Petitioner] and he lived in the boarding-house together. The only persons with a key to the house were [Petitioner], his girlfriend, the victim, the landlord, and himself. On the night of the shooting, he heard [Petitioner] and the victim arguing. He recognized [Petitioner]'s voice and heard him tell the victim he wanted to talk to him. He heard [Petitioner] ask the victim, "Why did you cut the phone line?" At the time, [Petitioner] had the only phone in the house. He heard wrestling in the hallway outside his door. He heard [Petitioner] tell the victim to "let me loose," or, "turn me loose." Seconds later, he heard a gunshot followed by someone rushing down the stairway from the second to the first floor. Immediately thereafter, he opened his door and saw the victim lying in the hallway with a gunshot wound to his head.

Id. at 607. The state appellate court found this evidence was not "inherently unreliable,"

that the testimony of a single witness is sufficient to establish the identity of a defendant

if believed beyond a reasonable doubt, and that

the testimony of [the] ear-witness [wa]s sufficient to support inferences which, in turn, supported the verdict. There was both direct and circumstantial evidence [Petitioner] argued with and shot the victim in a place accessible only to the witness, the victim and [Petitioner]. In determining the sufficiency of evidence, the testimony of a witness who hears is as reliable as one who sees. The testimony provided evidence of motive and opportunity.

**Id.**

After an evidentiary hearing, Petitioner's motion for post-conviction relief was denied as untimely; and the Missouri Court of Appeals affirmed that decision.  See **Barnes**, supra.

Petitioner subsequently filed two federal habeas petitions.  In one, he sought relief on the grounds of allegedly vindictive prosecutorial misconduct, the allegedly ineffective assistance of his trial attorney, the admission of allegedly unreliable testimony of two individuals, and the alleged miscalculation of Petitioner's parole eligibility date, which he said should be based on the fact he "was arrested December 6, 1992[; c]onvicted on January 10, 1994, and sentenced [on] March 25, 1994."  **Barnes v. Dormire**, No. 4:03cv1655 JCH, Pet. at 5-6A (E.D. Mo. filed Nov. 17, 2003).  That habeas action was dismissed as untimely.  **Id.**, Memorandum and Order, and Order of Dismissal, both filed Jan. 5, 2004.  In its Memorandum and Order, the Court noted, in relevant part, that Petitioner

> raises a claim that his parole eligibility date has been miscalculated. If this ground for relief arises from the actions of the Missouri Board of Probation and Parole or prison officials in calculating his parole date, such a claim should be brought in a separate petition for writ of habeas corpus after petitioner has exhausted his available remedies.  Such a claim attacks the execution rather than the imposition of his sentence.

**Id.**, Mem. and Order, dated Jan. 5, 2004, at p. 2 n.1.

In his second federal habeas proceeding, Petitioner sought relief only due to the alleged miscalculation of his parole eligibility date.  **Barnes v. Dormire**, No. 4:04cv0156 CDP (E.D. Mo. filed Feb. 6, 2004).  The matter was referred to a United States Magistrate

Judge for a report and recommendation. **Id.**, Order, filed Mar. 4, 2004. That Judge

recommended the denial of the petition as untimely in that it was filed "well past the one-

year time limitation established by the" Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") because it was filed in 2004 when it should have been filed on or before

April 24, 1997. **Id.**, Report and Recommendation (E.D. Mo. filed Nov. 17, 2004),

adopted by Mem. and Order (E.D. Mo. filed Dec. 21, 2004).

The docket sheets for those federal habeas cases do not reveal that Petitioner

challenged those decisions in any other court.

In 2008 the Board denied Petitioner parole.[1]

In his present federal habeas petition, Petitioner challenges that denial of parole

based on four grounds. First, Petitioner argues "the Parole Board used more severe

guideline[s] than those in effect at the time of [his] incarceration." (Pet'r Pet. at 6 [Doc.

1 at 5].) In his second ground, Petitioner urges that the Board denied Petitioner his right

to appeal the decision, which appeal is allowed "under the new guideline[s], [but] not

necessarily under those in effect at [the] time of [his] incarceration." (Id. at 7-8 [Doc. 1

at 6-7].) For his third ground, Petitioner contends "the Parole Board did not consider the

minimum parole eligibility" in that, for the first armed criminal action conviction, "an

inmate must serve a minimum of three (3) calend[a]r years." (Id. at 9 [Doc. 1 at 8].) For

his fourth and final ground for relief, Petitioner contends the Board denied his rights to

---

[1] Both parties refer to the 2008 parole denial decision as an April 2008 decision but the copy of the decision that is available of record, Pet'r Ex. D [Doc. 14 at 15], clearly shows that the written decision, which was issued after an April 2008 hearing, is dated May 2, 2008. That is the date the Court considers as the date of the 2008 decision denying Petitioner parole.

due process, equal protection, and freedom from cruel and unusual punishment by "creating a separate and discriminatory class."  (Id. at 11 [Doc. 1 at 10].)

Respondent counters that the petition should be dismissed as untimely; that the claims are procedurally defaulted, and should not be considered on their merits, because Petitioner has not presented them to the state courts; and that the claims lack merit because the Board has discretion under Mo. Rev. Stat. § 217.690.1 to determine when to grant parole.  (Resp't Resp. at 2-4 [Doc. 8].)

After careful consideration, the undersigned determines the Court has jurisdiction to address the petition and recommends the dismissal of the petition because it is untimely.

**Discussion**

This Court's Jurisdiction without Preauthorization.  Because Petitioner previously filed federal habeas petitions under 28 U.S.C. § 2254, "there is a preliminary question whether he is required to obtain preauthorization [from the Eighth Circuit under 28 U.S.C. §2244(b)] before the district court has jurisdiction to address the merits" of his present claims.  **Crawford v. Minnesota**, 698 F.3d 1086,1088 (8th Cir. 2012).  The terms of § 2244(b) require such preauthorization, and possibly dismissal, when a claim in a second or successive § 2254 habeas petition either has been presented in a prior § 2254 action, 28 U.S.C. § 2244(b)(1), or has not been previously presented but the petitioner either does not rely on a previously unavailable, new rule of constitutional law or could have

discovered the factual predicate for the claim through the exercise of due diligence and that factual predicate would be insufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense, 28 U.S.C. § 2244(b)(2).

"Claims raised in second habeas petitions which would have been barred under the abuse of the writ doctrine are now classified as second or successive." **Id.** at 1090. Abuse of the writ may occur when a petitioner "'fail[s] to raise a claim [in a prior petition] through inexcusable neglect' or '. . . rais[es] a claim in a subsequent petition that he could have raised in his first.' McCleskey v. Zant, 499 U.S. 467, 489 (1991)." **Id.** at 1089 (second alteration in original). A second federal habeas action is not barred, and does not require the appellate court's pre-authorization, however, if the petitioner was unable to raise the claim(s) in an earlier habeas corpus petition. See **Williams v. Hobbs**, 658 F.3d 842,  853 (8th Cir. 2011) ("the district court erred in classifying [the] habeas petition as 'second or successive' because [the petitioner] could not have raised his current claims at the time of his first petition" in that the claims had "not yet arisen" at the time the petitioner filed his first petition), cert. dismissed, 133 S. Ct. 97 (2012); **Singleton v. Norris**, 319 F.3d 1018 (8th Cir. 2003) (en banc) ("a habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by § 2244(b) or as an abuse of the writ"); **Crouch v. Norris**, 251 F.3d 720, 724 (8th Cir. 2001) (the petitioner's federal habeas challenge to the denial of parole in November 1998 could not have been raised in the previous federal habeas petition he filed approximately ten months before the parole

decision; therefore, the habeas challenge to the denial of parole was not second or successive within the meaning of § 2244 and was not an abuse of the writ).

Petitioner's present challenge to the 2008 denial of parole could not have been pursued in either one of Petitioner's 2003 and 2004 federal habeas petitions, because the 2008 parole decision had not occurred before those petitions were filed. Therefore, this proceeding is not successive for purposes of § 2244, does not constitute an abuse of the writ, is not barred by Petitioner's earlier federal habeas proceedings, and is within this Court's jurisdiction to resolve without the appellate court's pre-authorization.

Respondent(s). When Petitioner filed this habeas proceeding he was incarcerated at the Northeast Correctional Center ("NECC") where the originally named Respondent, Douglas J. Prudden, was the warden. The record does not reveal that Petitioner has moved from the NECC, but James Hurley is now the Warden of that facility. See Missouri Dep't Corr., Div. Adult Insts., Warden Listing (available at http://doc.mo.gov/division/dai/warden.php (last visited June 18, 2013)). Therefore, the Court substitutes James Hurley for the originally named Respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Although Petitioner "may be subject to future custody" due to the consecutive sentences imposed by the trial court in the underlying state criminal case, Petitioner does not now challenge the state court judgment resulting in those consecutive sentences, but instead challenges only the 2008 parole decision. Therefore, the Court will not add as a

Respondent the Attorney General for the State of Missouri under Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

Materials Available of Record; Facts From Those Materials. Respondent filed a response in opposition to Petitioner's present federal habeas petition, including four exhibits consisting of:

Respondent's Exhibit A, Petitioner's "application for trial de nov[o]" in **Barnes v. Missouri Bd. of Prob. & Parole**, No. 08AC-CC00746 (Cole Cnty Cir. Ct. filed Sept. 12, 2008);

Respondent's Exhibit B, an Order and Judgment in **Barnes v. Missouri Bd. of Prob. & Parole**, No. 08AC0CC00746 (Cole Cnty Cir. Ct. filed Jan. 29, 2009);

Respondent's Exhibit C, an August 26, 2009, Dismissal Order in **Barnes v. Missouri Bd.of Prob. & Parole**, No. WD70738 (Mo. Ct. App. filed Feb. 27, 2009); and

Respondent's Exhibit D, the mandate issued on September 10, 2009, by the state appellate court in the above appeal.

---

[2] Petitioner mentions in his habeas petition that he has a twenty-year term of imprisonment, with six years of special parole, still to be served as the result of a March 1980 decision of this Court. See Pet'r Pet. at 14 [Doc. 1 at 13]; reference to "Federal Cause #s 79 173 CR 3 and 72 CR 329" in Mar. 25, 1994, entry on docket sheet for underlying criminal case, **State v. James G. Barnes**, No. 22921-03599-01 (St. Louis City Cir. Ct.) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited June 18, 2013)); **United States v. Barnes**, 634 F.2d 387 (8th Cir. 1980). Respondent has not expressly addressed Petitioner's reference to that sentence; and the available record does not clearly reveal the status of that sentence. Because the status of any federal sentence Petitioner has yet to serve is not clear, the Court will not add the Missouri Attorney General as a named Respondent in this § 2254 habeas proceeding on the basis of that sentence.

Petitioner filed a reply supporting his petition, including the following eight exhibits:

Petitioner's Exhibits A through C, appearing to consist of pages 10 through 15 from an undisclosed document that seems to convey information pertaining to parole decisions;

Petitioner's Exhibit D, the May 2, 2008, decision denying Petitioner parole;

Petitioner's Exhibit E, Petitioner's three-page "face sheet" for the Missouri Department of Corrections, Adult Institutions;[3]

Petitioner's Exhibit F, pages 110 and 111 of **Johnson v. Missouri Dep't Corr.**, 166 S.W.3d 110 (Mo. Ct. App. 2005);

Petitioner's Exhibit G, a "motion for enlargement of time" signed by Petitioner and captioned for Petitioner's appeal, **Barnes v. Missouri Bd. of Prob. & Parole**, No. WD70738 (Mo. Ct. App. filed Feb. 27, 2009); and

Petitioner's Exhibit H, the decision in **Edger v. Missouri Bd. of Prob. & Parole**, 307 S.W.3d 718 (Mo. Ct. App. 2010).

Neither party has objected either to the other party's exhibits or to the Court's consideration of those exhibits in this proceeding. As necessary to the resolution of Petitioner's habeas petition, the Court may consider some of these exhibits but will not consider others. The Court may consider Respondent's exhibits because they are copies

---

[3] This document appears to include personal identifying information, including Petitioner's social security number, and must be kept under seal. Therefore, the Court will direct that it be retained under seal.

of materials from Petitioner's state court proceedings related to the presently challenged parole decision. The Court will not consider Petitioner's exhibits A through C and E because the source of, relevance of, and foundation for those materials are not clear. The Court may consider Petitioner's exhibit D, which is the parole decision that is challenged in this habeas proceeding. The Court may consider Petitioner's Exhibit G as a request for extension submitted in Petitioner's appeal from the denial of his request for a trial de novo in the state court proceedings related to the 2008 denial of parole. Additionally, the Court may consider the full opinions indicated by Petitioner's exhibits F and H.

The materials available of record reveal the following. The parole denial decision Petitioner is challenging was dated May 2, 2008. See Pet'r Ex. D. That decision noted in relevant part that Petitioner was given parole consideration in a parole hearing on April 22, 2008, and a reconsideration hearing was scheduled for April 2013. **Id.** The reason stated for the 2008 denial of parole was that "[r]elease at this time would depreciate the seriousness of the present offense based on: A. Circumstances surrounding the present offense." **Id.** The decision expressly stated that it was "not subject to appeal." **Id.**

On September 12, 2008, or one hundred and thirty-two days after that decision (with the calculation beginning on May 3, 2008, the day after the decision), Petitioner filed an "application for trial de nov[o]" ("application") challenging the denial of parole. In full that application states:

> In the Circuit Court of Cole County, James Barnes, Petitioner vs. Missouri Board of Probation and Parole, Respondent.
>
> Date of Judgment: [May 2,] 2008.

> Judgment having been rendered against [Petitioner] before the Missouri
> Board of Probation and Parole, [Petitioner] make[s] application for trial de
> nov[o].

(Pet'r Application, filed Sept. 12, 2008, in Cole County Circuit Court, Cause No. 08AC-CC00746, Resp't Ex. A.)

On January 29, 2009, the Cole County Circuit Court granted the Board's motion to dismiss Petitioner's application. (Order and J., filed Jan. 29, 2009, in Cole County Circuit Court, Cause No. 08AC-CC00746, Resp't Ex. B.) The court found that it lacked jurisdiction to review the Board's decision to deny Petitioner parole under the Missouri Administrative Procedure Act and Missouri Supreme Court Rule 100.01. (**Id.** at 2.) The court further concluded that Petitioner had failed to state a claim for which relief can be granted because he did

> not allege any facts challenging the Board's decision nor does he state what
> type of relief he would like th[e] court to grant; only that he requests a trial
> de novo to review the Board's decision. Moreover, [P]etitioner does not
> have a right to parole. Pursuant to § 217.690 RSMo (2000), the
> determination of when [P]etitioner is eligible for parole is well within the
> discretion of the Missouri Board of Probation and Parole. Thus [P]etitioner
> fails to state a claim for which relief can be granted.

(**Id.**) The Missouri Court of Appeals subsequently dismissed Petitioner's appeal from the Cole County Circuit Court's decision due to Petitioner's "failure to prosecute the appeal within the periods of time allowed under the Rules of Civil Procedure." (**Barnes v. Missouri Bd. of Prob. & Parole**, Dismissal Order (Mo. Ct. App. filed Aug. 26, 2009), Resp't Ex. C.) The state appellate court issued its mandate on September 10, 2009. (Mandate, Resp't Ex. D.)

Timeliness of Petition. Respondent first argues that this habeas proceeding should be dismissed as untimely, because Petitioner filed it more than one year after the Board's 2008 decision. Petitioner counters that the petition was timely filed.

Under the AEDPA, state prisoners have one year in which to file their petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). If the federal habeas petition is untimely, then habeas relief may be denied and the petition dismissed. See, e.g., **Kreutzer v. Bowersox**, 231 F.3d 460, 464 (8th Cir. 2000) (affirming the denial of habeas relief and dismissal of a federal habeas petition upon concluding the petition was not timely filed).

This one-year limitation period runs, in relevant part, from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, the "factual predicate" of Petitioner's claims is the Board's denial of parole on May 2, 2008. (See Board's 2008 decision, Pet'r Ex. D.) This "factual predicate" was clearly available to Petitioner at the time the Board made that decision, because Petitioner does not contend that he lacked access to, notice of, or knowledge about that decision at any time after the Board issued it. Therefore, to be timely filed within the one-year limitation period in § 2244(d)(1), Petitioner needed to file his federal habeas petition on or before Monday, May 4, 2009, or one year after the date the Board issued its decision on Friday, May 3, 2008.

Petitioner did not file this federal habeas proceeding until September 13, 2010, or over two years after the Board's 2008 decision. Therefore, Petitioner did not timely file

this federal habeas proceeding. Other circumstances may, however, extend the one-year period for filing a timely federal habeas petition.

Statutorily, the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The time when such an application is not pending is counted toward, or deducted from, the one-year limitation period. Assuming, without deciding, that Petitioner's application for trial de novo qualifies as an application for "other collateral review" with respect to the 2008 decision denying parole, 133 days passed between the date of the Board's decision on May 2, 2008, and the date Petitioner filed his application on September 12, 2008. That period of time is deducted from the one-year period during which Petitioner must file his federal habeas proceeding. Therefore, to be timely filed, Petitioner had to file a federal habeas proceeding within 232 days (365 days in the one year limitations period minus the 133 days that passed before Petitioner filed his application) after the conclusion of the state court proceedings regarding Petitioner's application.

On September 10, 2009, the Missouri Court of Appeals concluded those state court proceedings by issuing its mandate. The date that is 232 days after that date (with the calculation starting on September 11, 2009, the day after the issuance of the mandate) is Saturday, May 1, 2010; so, to be timely submitted, Petitioner needed to submit his federal habeas petition by the next business day, or by Monday, May 3, 2010. Whether the Court considers Petitioner's petition as submitted on the date Petitioner signed the petition,

September 8, 2010, as Respondent does, or on the date Petitioner filed the federal habeas petition, September 13, 2010, the petition was not timely filed, but instead was submitted over four months after the one-year limitations period expired on May 3, 2010.

In addition to the extension of the one-year limitation period under § 2244(d)(2), the one-year period under § 2244(d)(1) may be extended through "equitable tolling in appropriate cases." **Holland v. Florida**, 130 S. Ct. 2549, 2560 (2010). A petitioner seeking the benefit of equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" so as to prevent timely filing. **Id.** at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also **Johnson v. Hobbs**, 678 F.3d 607, 610 (8th Cir. 2012). Notably, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" **Holland**, 130 S. Ct. at 2565 (some internal quotation marks omitted) (citations omitted).

> The extraordinary circumstance that prevents a petitioner from timely filing his federal [habeas] application must be external to the petitioner and not attributable to his actions. Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (abrogated on other grounds by Gonzalez[ v. Thaler], 132 S. Ct. [641,] 653-54 [(2012)]).

**Johnson**, 678 F.3d at 611.

Here, Petitioner has not suggested or shown either that he was pursuing his rights reasonably diligently or that an "extraordinary circumstance," a circumstance that was external to Petitioner and not attributable to his actions, resulted in his untimely filing of this federal habeas action.

The AEDPA's one-year limitations period can also be overcome, in rare instances, by a showing of actual innocence. **McQuiggin v. Perkins**, 133 S. Ct. 1924 (2013). To the extent this exception may apply here, it requires Petitioner to present a credible claim of actual innocence based on new evidence and to "show that it is more likely than not that no reasonable [fact-finder] would have convicted him in the light of the new evidence" of his innocence. **Id.** at 1935 (quoting Schlup v. Delo, 513 U.S. 298 (1995) (internal quotation marks omitted)). Notably, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing," because "untimeliness . . . does bear on the credibility of evidence proffered to show actual innocence." **Id.** at 1935, 1936.

Petitioner does not claim that his actual innocence should allow him to pursue his untimely petition and has not presented any new evidence of his actual innocence.

Under the circumstances, Petitioner filed his present federal habeas action beyond the one-year limitation period provided under 28 U.S.C. § 2244(d)(1), and his petition cannot be deemed timely filed based on the extension provided under 28 U.S.C. § 2244(d)(2), principles of equitable tolling, or any new evidence of Petitioner's actual innocence. Therefore, the Court will recommend that this federal habeas action be dismissed as untimely. Because the petition is clearly untimely, the Court will not discuss either whether Petitioner's claims are procedurally barred or whether Petitioner's claims lack merit.

## Conclusion

Based on the foregoing, the Court concludes this Court has jurisdiction to address Petitioner's federal habeas petition, substitutes for the originally named Respondent the warden having custody of Petitioner at this time, and recommends the dismissal of Petitioner's petition because it was untimely filed.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that James Hurley is **SUBSTITUTED** for Douglas J. Prudden as the Respondent in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall place and maintain Petitioner's Exhibit E [Doc. 14 at 16-18] under seal.

**IT IS FINALLY RECOMMENDED** that the 28 U.S.C. § 2254 petition of James G. Barnes be **DISMISSED** as untimely filed.

The parties are advised that they have **fourteen days** to file written objections to the Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

> /s/ Thomas C. Mummert, III
> THOMAS C. MUMMERT, III
> UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of June, 2013.